[No. 7910. Department Two. August 30, 1909.]

N. H. CASTLE, *as Guardian of the Person and Estate of John M. Warring, Senior, Respondent,* v. FRANK O. DOLE *et al., Appellants.*[1]

DEEDS—CANCELLATION—FRAUD—INCAPACITY OF GRANTOR. There is sufficient evidence to warrant the cancellation of a deed for incapacity of the grantor, where it appears that he was a weak old man, 88 years of age, incoherent in his talk, with delusions that his son and others were trying to poison him, and a physician testified that he was totally incompetent to transact business, and he had sold the land worth $3,000 for $1,250.

Appeal from a judgment of the superior court for Jefferson county, Still, J., entered July 20, 1908, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action to cancel a contract. Affirmed.

*Ben Sheeks,* for appellants.

*Elmer E. Shields,* for respondent.

MOUNT, J.—This action was brought by the respondent to set aside a contract for the sale of real estate, upon the alleged grounds of fraud and mental incapacity of the grantor. In April, 1907, John M. Warring, Sr., entered into an agreement to sell 160 acres of timber land in Jefferson county to the appellant F. O. Dole, for a consideration of $1,250. On December 4, 1907, a deed was executed by Mr. Warring and placed in escrow to be delivered to Dole upon the payment of the sum named above. On December 30, 1907, Mr. Warring was adjudged incompetent to care for his property, and respondent was duly appointed guardian of his person and estate. Shortly thereafter, this action was brought to set aside the contract and to cancel the deed on the ground of mental incapacity of said Warring, and for fraud alleged to have been practiced upon him by appellant Dole. At the

[1]Reported in 103 Pac. 828.

trial of the case to the court without a jury, a decree was entered as prayed for in the complaint. The defendants appeal.

The only question presented in the case is one of fact. It is argued by the appellant that the evidence shows that Mr. Warring fully comprehended the nature and effect of the contract at the time he entered into it, and that fraud or overreaching was not shown. We find very little in the record to show actual fraud. It is shown, however, that the land was worth $3,000 at the time the contract was made, and that the consideration for the sale was $1,250, none of which had been paid except about $23. A careful reading of the evidence convinces us that Mr. Warring, at the times the contract and deed were executed, was mentally incapacitated and did not comprehend the nature of the contract. The evidence very clearly shows that he was a weak old man, 88 years of age. He was very deaf, garrulous, and incoherent in his talk and ideas. He had delusions that his son and others were trying to poison him. He had practically no memory of recent events and was suffering from senile dementia to such an extent that, in the opinion of the physician who witnessed his examination, he was totally incompetent to transact any business, either at that time or prior to the date of the contract. While there were some witnesses who testified that in their opinion Mr. Warring was competent to transact business, we think the decided weight of the evidence was the other way. His incompetency, taken into connection with the fact that he agreed to sell property worth $3,000 for the sum of $1,250, was amply sufficient to justify the decision of the court setting aside the contract and deed. 13 Cyc. 574.

The judgment is therefore affirmed.

RUDKIN, C. J., CROW, DUNBAR, and PARKER, JJ., concur.